UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIK BURCH,

        Plaintiff,

v.                                                          Case No. 8:14-cv-1802-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Judgment as a Matter of Law (Doc. 26) and the Commissioner's Response in Opposition thereto (Doc. 30). A hearing on the matter was held on October 1, 2020. Upon consideration, Plaintiff's Motion (Doc. 26) is due to be granted.

### I.      Background

On July 25, 2014, Plaintiff filed his original complaint against the Commissioner seeking judicial review of the Social Security Administration's ("SSA") denial of Supplemental Security Income ("SSI") benefits. (Doc. 1). The Commissioner filed a Motion to Dismiss (Doc. 11) alleging that the Court lacked subject matter jurisdiction over Plaintiff's claim as Plaintiff did not timely file his request for hearing with the SSA and therefore had not exhausted his administrative remedies. Subsequently, Plaintiff filed an Amended Complaint (Doc. 12) alleging a colorable constitutional claim that Plaintiff was unable to understand the SSA appeal process due to his mental impairments. Further, Plaintiff filed his Response in Opposition (Doc. 16) to the Commissioner's Motion to Dismiss (Doc. 11) again asserting that a colorable constitutional claim existed given that Plaintiff suffered from a documented mental illness and

was unable to represent himself in the SSA proceedings.  On July 7, 2015, the undersigned directed the parties to file supplemental briefings on the issues (*See* Docs. 19, 21 & 22).  On October 26, 2015, the undersigned issued a Report and Recommendation denying the Motion to Dismiss (Doc. 11) and recommended that:

> Plaintiff's case be remanded to the Secretary with instructions that the Secretary is directed to make a determination, after considering such evidence as the parties may submit, whether Mr. Burch's mental illness prevented him from understanding and pursuing his administrative remedies during the material time period.

(Doc. 24). Subsequently, the Court adopted the undersigned's Report and Recommendation and closed the case (Doc. 25). On August 14, 2020, Plaintiff filed his Motion for Judgment as a Matter of Law (Doc. 26) seeking the Court to reopen the case for the purpose of entering judgment and allowing for Plaintiff to file a motion for attorney's fee's pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff, relying on *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), contends the case should be reopened and that judgment be entered in this matter because the initial remand was under sentence six of 42 U.S.C. § 405(g). The Commissioner, however, filed his Response in Opposition (Doc. 30), asserting that the case cannot be reopened because the case was remanded under sentence four of 42 U.S.C. § 405(g), in which the remand order served as a "judgment" and therefore the case cannot be reopened. A hearing on the matter was held on October 1, 2020.[1] For the following reasons, Plaintiff's Motion (Doc. 26) is due to be granted.

## II.      Discussion

Notably, the Supreme Court in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991) distinguished between a sentence four and a sentence six remand under 42 U.S.C. § 405(g). The Court stated that "the fourth sentence of § 405(g) authorizes a court to enter a judgment affirming,

---

[1]After the hearing, the parties filed a Notice (Doc. 35) consenting to the undersigned's jurisdiction, of which the Court approved (Doc. 36).

modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." *Id.* at 98.   Whereas the sixth sentence of § 405(g):

> [D]escribes an entirely different kind of remand in which the district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.

*Id.* In this instance, Plaintiff contends that the Court's remand was a sentence six remand because the case was returned to the Secretary for further action and the ALJ received additional evidence to consider. The Commissioner, however, contends that this Court remanded the case under sentence four, namely because the administration reconsidered Plaintiff's claims under a sentence four remand. The Commissioner also alleges that the fact that new evidence was considered is not determinative because it is inherent in remand orders that additional evidence may be considered. Thus, the Commissioner contends that the Court entered judgment and therefore the case cannot be reopened. Upon review, however, the Court agrees with Plaintiff, and finds that this Court did not enter a judgment, and that the Court's remand aligns with a sentence six remand under 42 U.S.C. § 405(g).

The issue of whether the Court's remand is considered a sentence four or sentence six remand is a unique one. Namely, this Court's jurisdiction was not premised upon a "final" decision, but rather a finding that Plaintiff raised a colorable constitutional claim. Under Section 405(g), "[a]ny individual, after any *final decision* of the Secretary made after a hearing to which he was a party, . . .  may obtain a review of such decision by a civil action . . . ."  *Id.* Thus, on its face, Section 405(g) bars judicial review of a denial of a claim of disability benefits unless there is a final decision.  *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).  Ordinarily, the power to determine when finality has occurred rests with the Secretary, but in cases where a Plaintiff has raised a colorable constitutional claim a court may deem the exhaustion

requirement waivable and retain jurisdiction over the claim. *Id.; see also Califano v. Sanders*, 430 U.S. 99, 109 (1977)(stating that "when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by " 'clear and convincing' " evidence).

Notably, in *Mathews*, the Court concluded that a constitutional challenge, which was "*entirely collateral*" to the plaintiff's claim of entitlement to benefits, was a final decision for purposes of retaining jurisdiction. 424 U.S. at 328-332 (emphasis added). Here, as in *Mathews*, the Court maintained jurisdiction over Plaintiff's collateral constitutional challenge regarding whether Plaintiff was denied due process based upon his alleged mental impairments. Significantly, this Court did not make any substantive ruling on Plaintiff's claim to entitlement to disability benefits. Rather, the Court merely remanded the case to the Secretary to address whether Plaintiff's alleged mental impairments deprived him of due process. Namely, the remand was to determine whether Plaintiff's mental illness prevented him from understanding and pursuing his administrative remedies during the material time period. (*See* Doc. 24).

The Eleventh Circuit in *Elchediak v. Heckler*, 750 F.2d 892 (11th Cir. 1985), reached an almost identical finding, and concluded that Mr. Elchediak raised a colorable constitutional claim, and remanded to the district court with instructions that it "direct the Secretary to make a determination, *after considering such evidence as the parties may submit*, whether Mr. Elchediak's mental illness prevented him from understanding and pursuing his administrative remedies following the denial of his first application for benefits." *Id.* at 894. (emphasis added). Similar to *Elchediak*, this Court remanded the case back to the Secretary "with instructions that the Secretary is directed to make a determination, *after considering such evidence as the parties may submit*, whether Mr. Burch's mental illness prevented him from understanding and

pursuing his administrative remedies during the material time period." (Doc. 24, at 20)(emphasis added). Thus, this Court followed the instruction of the Eleventh Circuit and remanded the case back to the Secretary with instruction to consider additional evidence regarding Plaintiff's collateral constitutional claim. As such, the Court finds that such a remand aligns with a sentence six remand because it was not a substantive ruling or determination on Plaintiff's claim of entitlement to disability benefits so as to be considered a judgment under Section 405(g). *See Melkonyan*, 501 U.S. at 98. Therefore, the case shall be reopened and judgment entered in favor of Plaintiff. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Judgment as a Matter of Law (Doc. 26) is GRANTED.

2. The Clerk is directed to enter judgment in favor of Plaintiff.

DONE AND ORDERED in Tampa, Florida, on this 27th day of October, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record